ANDERSON v. HAGENBUCH ET AL.

[No. 10,506. Filed March 30, 1921.]

APPEAL.—*Review.*—*Judgment.*—*Absence of Bill of Exceptions.*— *Presumption.*—Where the rendition of judgment involved the determination of a question of fact, and there is no bill of exceptions in the record on appeal, and no intimation as to the character of the evidence upon which the trial court based its decision, the court on appeal must presume that the decision is correct.

From Warren Circuit Court; *Burton B. Berry,* Judge.

Action by Alice Anderson against Albert H. Hagenbuch and another. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*William V. Rooker,* for appellant.
*Ernest Merrick Hawkins,* for appellees.

DAUSMAN, P. J—This action was instituted by the appellant against the appellees Albert H. Hagenbuch and his guardian, Amos E. Hagenbuch. It is averred in the complaint that the plaintiff and Albert H. Hagenbuch were intermarried according to the forms of law—in other words, they entered into a ceremonial marriage; that in truth their formal marriage was void for the reason that at the time thereof said Albert H. Hagenbuch was insane and under guardianship; that the pretended marriage was solemnized August 14, 1916, and she did not become aware of the fact that her supposed husband was under guardianship until March 9, 1917; that thereupon she repudiated the marriage; that she was induced to enter into the pretended marriage by the false representations of said Albert H. Hagenbuch; that she has expended of her own means, and has incurred liabilities, to the amount of $500 in an effort to restore her rights; and that by reason of the misconduct of her supposed husband she has suffered humiliation and has been injured in her good name and reputation. Her prayer is for the cancellation of the supposed marriage and for damages in the sum of $2,000.

There was personal service on the guardian by the sheriff of Benton county. The summons for Albert H. Hagenbuch was issued to the sheriff of Marion county, where he had been living with his presumptive wife, and this summons was returned "Not found in my baili-

wick." An alias summons was then issued to the sheriff of Benton county who made return thereof as follows: "Served by leaving copy at last residence of Amos Hagenbuch, guardian of Albert Hagenbuch." Counsel appeared specially for Albert H. and filed a motion to set aside the service and quash the return on the ground that Albert H. is a person of sound mind and not within the jurisdiction of the court. The appellant filed a verified counter showing, and the matter was set for hearing. The motion was sustained, and thereupon the court rendered judgment "that the defendant Albert H. Hagenbuch be discharged hence with his costs and that as against him the plaintiff take nothing by this action." The cause was continued as to the guardian.

The appellant's contention was that Albert H. Hagenbuch had been duly adjudged a person of unsound mind by the Benton Circuit Court and that said judgment remained in full force and effect. Counsel who appeared specially for Albert H. Hagenbuch contended that he never had been adjudged a person of unsound mind. An issue of fact was thus presented, the determination of which depended on the record of the Benton Circuit Court. §318 Burns 1914, §315 R. S. 1881. There is no bill of exceptions in the record and no intimation as to the character of the evidence, if any, on which the court based its decision. Therefore, we must presume that the decision is correct.

No question has been raised as to the propriety of making the guardian a party to the action, nor as to the propriety of such a judgment under the circumstances disclosed by the record.

Judgment affirmed.